**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-4194-RMR

ABDUHAMMID VASLIDDINOV,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, in his official capacity;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement, in his official capacity;
TODD BLANCHE, Attorney General of the United States, in his official capacity;
SIRCE E. OWEN, Acting Director, Executive Office for Immigration Review, in her official capacity; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

**ORDER**

---

Petitioner Abduhammid Vasliddinov ("Petitioner") is a citizen of Uzbekistan. ECF No. 1 ¶ 1. He is married and the father of a United States citizen child. *Id.* He has no criminal history or immigration history. *Id.* He has been detained in Immigration and Customs Enforcement ("ICE") custody since July 11, 2026. *Id.* Petitioner received a custody hearing on August 5, 2026, where the immigration judge placed the burden of proof on Petitioner. *Id.* ¶¶ 2-3.

Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release. *Id.* at 13. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 6 at 1-2. They submit that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 2.

Given this response, the Petition is granted. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings

[1] Respondent filed a response. ECF No. 6.

conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof,

and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **September 25, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 18, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge